Filed 11/6/20  P. v. Pinkston CA2/3

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(a). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115(a).

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | B303762 |
| Plaintiff and Respondent, | Los Angeles County Super. Ct. No. BA025584 |
| v. | |
| STEVEN TERROSS PINKSTON, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, William C. Ryan, Judge. Affirmed.

Jonathan E. Demson, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Idan Ivri and Allison H. Chung, Deputy Attorneys General, for Plaintiff and Respondent.

## INTRODUCTION

In 1991, petitioner Steven Terross Pinkston and a codefendant were charged with first degree felony murder, robbery, and possession of a firearm by a felon. After two mistrials, Pinkston pled guilty to voluntary manslaughter and was sentenced to six years in prison. That crime was his second strike. In 2002, he was convicted of felony evading and sentenced to 25 years to life as a third-strike offender. After the enactment of Senate Bill No. 1437 (S.B. 1437) (Stats. 2018, ch. 1015), Pinkston petitioned for resentencing under Penal Code section 1170.95, and the trial court appointed counsel to represent him.[1] After receiving briefing on the issue, the court denied the petition on the ground that Pinkston was not convicted of murder. Pinkston challenges that ruling on appeal, and we affirm.

## BACKGROUND

By criminal complaint filed February 13, 1991, Pinkston was charged, with a codefendant, with one count of murder (§ 187, subd. (a); count 1) committed in the course of robbery (§ 190.2, subd. (a)(17)); one count of second-degree robbery (§ 211; count 2); and one count of possession of a firearm by a felon (§ 12021, subd. (a); count 4). As to counts 1 and 2, the complaint alleged a principal was armed with a firearm (§ 12022, subd. (a)(1)) and that Pinkston's codefendant personally used a firearm (§ 12022.5). After two mistrials, Pinkston pled guilty to voluntary manslaughter (§ 192, subd. (a)) and was sentenced to six years in prison.

---

[1] All undesignated statutory references are to the Penal Code.

In 2002, Pinkston was convicted of driving with willful disregard for public safety while evading police (Veh. Code, § 2800.2). He had been acting as a getaway driver for a partner attempting to pass a counterfeit check. As a third-strike offender, Pinkston was sentenced to 25 years to life.

In March 2019, Pinkston filed a petition for resentencing under section 1170.95. Pinkston asked the court to vacate his manslaughter conviction and resentence him under section 1170.95. He argued that the complaint filed against him allowed the prosecution to try him under a theory of felony murder, that he accepted a plea offer in lieu of a trial, and that he could not now be convicted of murder under the recent changes to the Penal Code contained in S.B. 1437, of which section 1170.95 was a part. He asked the court to appoint counsel to represent him.

The court appointed counsel to represent Pinkston and received briefing from both the prosecutor and defense in accordance with section 1170.95, subdivision (c). On January 7, 2020, the court concluded that Pinkston was not eligible for relief because he was not convicted of murder and denied the petition.

Pinkston filed a timely notice of appeal.

## DISCUSSION

Pinkston argues that the court erred by denying his petition on the ground that he was not convicted of murder. We disagree.

S.B. 1437, which took effect on January 1, 2019, changed the law of murder to ensure a "person's culpability for murder [is] premised upon that person's own actions and subjective mens rea." (Stats. 2018, ch. 1015, § 1, subd. (g).)

First, S.B. 1437 limited accomplice liability for murder. Under prior California law, every accomplice to an enumerated

3

felony could be convicted of first degree murder if a death occurred during the commission of that felony—regardless of whether the accused killed or intended to kill. (*See People v. Dillon* (1983) 34 Cal.3d 441, 462–472.) Similarly, "a defendant who aided and abetted a crime, the natural and probable consequence of which was murder, could be convicted not only of the target crime but also of the resulting murder"—regardless of whether he acted with malice aforethought. (*In re R.G.* (2019) 35 Cal.App.5th 141, 144.)

Now, however, a person may be convicted of murder only if: (1) he was the actual killer; *or* (2) with the intent to kill, he aided and abetted the actual killer's commission of murder; *or* (3) he acted as a "major participant" in a felony listed in section 189 *and* acted with "reckless indifference to human life." (§ 189, subd. (e), as amended by Stats. 2018, ch. 1015, § 3; § 188, subd. (a)(3), as amended by Stats. 2018, ch. 1015, § 2.)

Second, S.B. 1437 abolished second degree felony murder. (Stats. 2018, ch. 1015, § 2, amending § 188, subd. (e)(3).) Thus, the felony murder doctrine now applies only to those felonies listed in section 189, subdivision (a), and to accomplices who meet the requirements in section 189, subdivision (e).

In addition to changing the law of murder prospectively, S.B. 1437 gave people who had been convicted under one of the now-invalid theories the opportunity to petition for resentencing under newly-enacted section 1170.95. (Stats. 2018, ch. 1015, § 4.)

Section 1170.95, subdivision (a), describes who may petition for resentencing under the statute. Subdivision (b) explains what information the petition must contain, where the petitioner must file it, who the petitioner must serve, and what the court should do if it's incomplete. Subdivision (c) describes the

process the court uses to determine whether the petitioner is entitled to an evidentiary hearing. Finally, subdivisions (d)–(g) describe the procedures for holding an evidentiary hearing, the type of evidence that may be admitted, the burden of proof, and the requirements for resentencing an eligible petitioner.

Here, notwithstanding initially being charged with felony murder and tried under an aiding-and-abetting theory, Pinkston ultimately pled guilty to voluntary manslaughter—and under the plain language of section 1170.95, subdivision (a), the statute only applies to murder convictions. (*People v. Paige* (2020) 51 Cal.App.5th 194, 200–204.) As such, Pinkston is ineligible for relief under section 1170.95, and the court properly denied his petition for resentencing.

## DISPOSITION

The order is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

LAVIN, J.

WE CONCUR:

EDMON, P. J.

DHANIDINA, J.

5